<table>
<tr><td>

James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

</td><td>

Adam C. Paul, P.C. (*pro hac vice* pending)
Catherine Jun (*pro hac vice* admission pending)
Gerardo Mijares-Shafai (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

</td></tr>
</table>

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | § § | Chapter 15 |
| NOBLE GROUP LIMITED, | § § | Case No. 18-[_____] (___) |
| Debtor in a Foreign Proceeding.[1] | § § § | |

**APPLICATION FOR AN ORDER**
**SCHEDULING A HEARING ON RECOGNITION OF FOREIGN MAIN**
**PROCEEDING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Paul J. Brough, in his capacity as the duly authorized foreign representative (the "Foreign Representative") of Noble Group Limited ("Noble" or the "Debtor")[2], which is the subject of proceedings (the "English Proceedings") commenced under Part 26 of the Companies Act 2006, as modified, amended or re-enacted from time to time (the "Companies Act"), and pending before the High Court of Justice of England and Wales (the "English Court"), respectfully submits this application (the "Application"), pursuant to Federal Rules of Bankruptcy Procedure

---

[1]     The last four digits of Noble Group Limited's overseas company number are 5268. The mailing address of Noble Group Limited's corporate office is Noble Group Limited, 11th floor, 33 Cavendish Square, Marylebone, London W1G 0PW United Kingdom.

[2]     For the avoidance of doubt, Noble, as used in this Verified Petition, refers only to Noble Group Limited, and not to any of its subsidiaries or any consolidated entity.

(the "Bankruptcy Rules") 2002(m), 2002(q), 9006(c)(1) and 9007 for an order (the "Order") substantially in the form attached hereto as **Exhibit A**: (i) scheduling a hearing (the "Recognition Hearing") on the relief sought in the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (the "Verified Petition")[3] filed contemporaneously herewith; (ii) setting the deadline by which any responses or objections to the Petition must be received; and (iii) specifying the form and manner of service of notice of the hearing on the relief sought in the Petition. In support there, the Foreign Representative states as follows:

## Jurisdiction and Venue

1.      The United States Bankruptcy Court for the Southern District of New York has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The Debtor confirms its consent, pursuant to rule 7008 of the Bankruptcy Rules, to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      This case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of the Petition for recognition of the English Proceedings under section 1515 of the Bankruptcy Code.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Venue is proper under 28 U.S.C. § 1410(1) as Noble's principal assets in the United States are located in the Southern

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

District of New York.  *See* 28 U.S.C. § 1410(1); *see also In re Berau Capital Resources Pte Ltd.*,

No. 15-11804 (MG), 2015 WL 6507871 (Bankr. S.D.N.Y. Oct. 28, 2015) (holding that a debtor's

bank accounts and contract rights are intangible property of the debtor).  More specifically, the

Debtor has property in the United States in the form of bank accounts with JPMorgan Chase & Co.

in New York, New York.  Additionally, the Debtor has either issued or guaranteed certain bonds

that are governed by New York law.

4.      The statutory bases for the relief requested herein are sections 1504, 1510, 1515,

1517, and 1521 of the Bankruptcy Code, rules 2002(l), 2002(m), 2002(p), 2002(q), and 9007 of

the Bankruptcy Rules, and rules 2002-4 and 9013-1(a) of the Local Bankruptcy Rules for the

Southern District of New York (the "Local Rules").

## Background

5.      On the date hereof, the Foreign Representative filed the Petition under chapter 15

of title 11 of the United States Code (the "Bankruptcy Code") for the Debtor commencing a case

in the United States Bankruptcy Court for the Southern District of New York.  A description of

the Debtor's business, its capital and debt structure, and the events leading to the filing of the

chapter 15 case is included in the *Declaration of Foreign Representative Pursuant to 11 U.S.C.*

*§ 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and in Support of the*

*Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign*

*Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code*

(the "Brough Declaration") filed concurrently herewith and fully incorporated by reference.

## Relief Requested

6.      The Foreign Representative respectfully requests that the Court hold a

Recognition Hearing as soon as possible following the English Scheme Sanction Hearing to avoid

any delays in the consummation of the Restructuring.  By this Application, the Foreign

3

Representative seeks entry of the Order:  (i) setting November 16, 2018, or as soon thereafter as the Court's calendar permits, as the date for the Recognition Hearing (the "Recognition Hearing Date") on the relief sought in the Petition; (ii) setting November 8, 2018 as the deadline by which any responses or objections to such relief must be received (the "Objection Deadline"); (iii) approving the form of notice of the Recognition Hearing (the "Notice") attached hereto as **Exhibit 1** to **Exhibit A**; and (iv) approving the manner of service of the Notice as described herein.

### Basis for Relief Requested

I.   **Form and Manner of Service of the Notice.**

7.      Bankruptcy Rule 2002(q)(1) provides that:

> the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief is being sought under § 1519 of the Code, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct, [shall be given] at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding.

Fed. R. Bankr. P. 2002(q).  Bankruptcy Rule 2002(q), however, does not provide any additional details regarding the form and manner in which such notice must be given.  Pursuant to Bankruptcy Rules 2002(m) and 9007, when notice is to be given under the Bankruptcy Rules, the presiding court may designate the form and manner in which such notice shall be given. Fed. R. Bankr. P. 2002(m), 9007.

A.   **Notice by Electronic Means and Mail Should Be Permitted in This Chapter 15 Case.**

8.      As set forth above, Bankruptcy Rule 2002(q)(1) provides for service by mail of the Petition to a specified group of parties.  The Foreign Representative proposes to serve the Petition, Notice, and other relevant chapter 15 pleadings and notices by first-class mail on the following

4

parties: (i) the Debtor; (ii) the Office of the U.S. Trustee for the Southern District of New York; (iii) the United States Attorney for the Southern District of New York; (iv) the following parties, or their counsel, if known: (a) the agent for the Existing RCF Loans; (b) the trustees under the respective indenture or trust deeds to the Existing Notes; (c) certain potential holders of Other Scheme Claims of whom the Debtor is aware; (d) the Ad Hoc Group; (v) all persons or bodies authorized to administer the English Proceedings; (vi) all parties required to be given notice under Bankruptcy Rule 2002(q)(l) of which the Debtor is aware; (vii) the Information Agent; and (viii) such other parties in interest that have requested notice pursuant to Bankruptcy Rule 2002 (together with the Electronic Notice Parties (as defined below), the "Notice Parties"). The Foreign Representative proposes to effect service of the Petition and the Notice in this manner within five business days following entry of the Order.

9.     The Foreign Representative proposes to serve the Petition, Notice, and other relevant chapter 15 pleadings and notices on certain other potential holders of Other Scheme Claims and holders of the Existing Notes (together, the "Electronic Notice Parties") via electronic mail, or via first-class mail in the event an electronic mail address is not available.[4] The Foreign Representative also proposes to post the Notice, the Petition, and other relevant chapter 15 pleadings and notices to the Scheme Website: https://www.lucid-is.com/newnoble. The Foreign Representative proposes to effect service of the Petition and Notice in this manner within five business days following entry of the Order.

---

[4]     On October 16, 2018, the English Court authorized electronic service to all persons whom the Debtor believes are or may be Scheme Creditors. A copy of such order is attached as Exhibit 3 to *The Chapter 15 Petition for Recognition of a Foreign Proceeding* [Dkt. No. 1].

10.     The Foreign Representative believes that service of the Petition, Notice, and other relevant chapter 15 pleadings and notices to the Electronic Notice Parties pursuant to electronic mail is appropriate under the circumstances.

11.     The Foreign Representative submits that the form and manner of service of the Notice requested herein for the Notice Parties constitutes adequate and sufficient notice of this chapter 15 case and the relief sought in the Petition.  Courts in this jurisdiction and others have authorized similar notice procedures.  *See, e.g.*, *In re Mood Media Corporation*, No. 17-11413 (MEW) (Bankr. S.D.N.Y. May 24, 2017); *In re Edcon Holdings Limited*, No. 16-13475 (SCC) (Bankr. S.D.N.Y. Dec. 14, 2016); *In re YH Limited*, No. 16-12262 (SCC) (Bankr. S.D.N.Y. Aug. 4, 2016); *In re Pac. Expl. & Prod. Corp.*, No. 16-11189 (JLG) (Bankr. S.D.N.Y. May 2, 2016); *In re hibu Inc.*, No. 14-70323 (REG) (Bankr. E.D.N.Y. Jan. 30, 2014).  Accordingly, the Foreign Representative respectfully requests that this Court approve the form and manner of service of the Petition, Notice, and other relevant chapter 15 pleadings and notices to the Electronic Notice Parties.

## II.     Subsequent Notice and Foreign Creditors.

12.     The Foreign Representative respectfully submits that if any party files a notice of appearance in this chapter 15 case, the Foreign Representative shall effect service upon such party of (a) the Notice within five business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel), and (b) any subsequent pleadings filed by the Foreign Representative in this chapter 15 case.

13.     Section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, *inter alia*, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim,

6

and indicate whether secured creditors need to file proofs of claim.  11 U.S.C. § 1514(c).  It is not

clear, however, that section 1514 applies in the context of an ancillary case under chapter 15.  As

explained in Collier on Bankruptcy, section 1514 is the "last in a series of sections dealing with

the international aspects of cases under chapters *other than chapter 15* that began with

section 1511."  8 Collier on Bankruptcy ¶ 1514.01 (16th ed.) (emphasis added).  The Court has

previously granted waivers of section 1514(c) in this context.  *See*, *e.g.*, *In re Agrokor D.D.*, Case

No. 18-12104 (MG) (Bankr. S.D.N.Y. July 12, 2018); *In re Blue Ocean Resources Pte. Ltd.*, Case

No. 18-22806 (RDD) (Bankr. S.D.N.Y. May 25, 2018); *In re Avanti Communications Group Plc*,

Case No. 18-10458 (MG) (Bankr. S.D.N.Y. Feb. 26, 2018); *In re Pac. Exploration & Prod. Corp.*,

Case No. 16-11189 (JLG) (Bankr. S.D.N.Y. May 2, 2016); *In re Tembec Indus. Inc.*, Case

No. 08-13435 (RDD) (Bankr. S.D.N.Y. Sept. 5, 2008).

14.     Given that section 1514(c) of the Bankruptcy Code does not appear to apply in this

chapter 15 case (as the Foreign Representative has not sought to commence a case under any other

chapter of the Bankruptcy Code), the Foreign Representative respectfully requests that the

requirements contained thereby be waived in this instance to the extent applicable.

**III.     Form and Manner of Responses and Objections to the Petition.**

15.     The Foreign Representative respectfully requests that any response or objection to

the Petition be made pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules,

including, without limitation, Bankruptcy Rule 1011, in writing and setting forth the basis therefor.

Such response or objection must be filed with the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, with a copy delivered

to the Court's chambers, and served upon counsel for the Foreign Representative so as to be

***actually received*** by the Objection Deadline.  Notices to counsel for the Foreign Representative

should be addressed to Kirkland and Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Adam Paul, P.C. and Catherine Jun.

16.    Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition to recognize a foreign proceeding under chapter 15 has 21 days from the date of service of the petition to respond. Fed. R. Bankr. P. 1011(b). In light of this requirement, the Foreign Representative respectfully submits that it is appropriate to set (a) November 16, 2018, at 9 a.m. (prevailing Eastern Time), or as soon thereafter as the Court's calendar permits, as the Recognition Hearing Date, and (b) November 8, 2018 at 4 p.m. (prevailing Eastern Time) as the deadline by which any responses or objections to the relief sought in the Petition, *i.e.*, the Objection Deadline.

## Satisfaction of Local Rule 9013-1(a)

17.    This Application includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their bearing on this Application. Accordingly, the Foreign Representative submits that the Application satisfies Local Rule 9013-1(a).

## Notice

18.    Notice of this Application will be provided to: (i) the Debtor; (ii) the Office of the U.S. Trustee for the Southern District of New York; (iii) the United States Attorney for the Southern District of New York; (iv) the following parties, or their counsel, if known: (a) the agent for the Existing RCF Loans; (b) the holders of the Existing Notes; (c) the trustees under the respective indenture or trust deeds to the Existing Notes; (d) potential holders of Other Scheme Claims of whom the Debtor is aware; (e) the Ad Hoc Group; (v) all persons or bodies authorized to administer the English Proceedings; (vi) all parties required to be given notice under Bankruptcy Rule 2002(q)(l) of which the Debtor is aware; (vii) the Information Agent; and (viii) such other

parties in interest that have requested notice pursuant to Bankruptcy Rule 2002.  The Foreign Representative submits that, in light of the nature of the relief requested, no other or further notice is required.

### No Prior Request

19.      No prior request for the relief requested herein has made to this or any other court.

### Conclusion

WHEREFORE, the Foreign Representative respectfully requests the entry of the Order granting the relief requested herein and such other and further relief as is just and proper.

Dated:  October 17, 2018          */s/ Marc Kieselstein, P.C.*
New York, New York               James H.M. Sprayregen, P.C.
                                 Marc Kieselstein, P.C.
                                 **KIRKLAND & ELLIS LLP**
                                 **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                 601 Lexington Avenue
                                 New York, New York 10022
                                 Telephone:     (212) 446-4800
                                 Facsimile:     (212) 446-4900

                                 - and -

                                 Adam C. Paul, P.C. (*pro hac vice* admission pending)
                                 Catherine Jun (*pro hac vice* admission pending)
                                 Gerardo Mijares-Shafai (*pro hac vice* admission pending)
                                 **KIRKLAND & ELLIS LLP**
                                 **KIRKLAND & ELLIS INTERNATIONAL LLP**
                                 300 North LaSalle Street
                                 Chicago, Illinois 60654
                                 Telephone:     (312) 862-2000
                                 Facsimile:     (312) 862-2200

                                 *Counsel to the Foreign Representative*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | § |
| In re: | § Chapter 15 |
| | § |
| NOBLE GROUP LIMITED, | § Case No. 18-[_____] (___) |
| | § |
| Debtor in a Foreign Proceeding.[1] | § |
| | § |

### ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(m), 2002(q), 9006(c)(1), AND 9007 SCHEDULING HEARING ON RECOGNITION OF FOREIGN MAIN PROCEEDING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Upon the Application[2] of Paul J. Brough, in his capacity as the duly authorized foreign representative (the "Foreign Representative") of the Debtor, for entry of an order, pursuant to Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002(m), 2002(q), 9006(c)(1), and 9007: (i) scheduling a hearing (the "Recognition Hearing") on the relief sought in the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* (the "Verified Petition"); and (ii) setting the deadline by which any responses or objections to the Verified Petition must be received; (iii) specifying the form and manner of service of notice of the hearing on the relief sought in the Verified Petition; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this case and the Application in this District is proper pursuant to 28 U.S.C. § 1410; and it appearing that adequate and proper notice of the Application has been given and that no other or

---

[1]   The last four digits of Noble Group Limited's overseas company number are 5268.  The mailing address of Noble Group Limited's corporate office is Noble Group Limited, 11th floor, 33 Cavendish Square, Marylebone, London W1G 0PW United Kingdom.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition or Application, as applicable.

further notice need be given; and upon consideration of the Brough Declaration; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its creditors, and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1.      The Application is **GRANTED**.

2.      The Recognition Hearing shall be held before this Court in Room [__] of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, on **[____], 2018 at [____] [a.m./p.m.]**.

3.      The form of notice of the Recognition Hearing in substantially the form attached to hereto as **<u>Exhibit 1</u>** (the "<u>Notice</u>") is hereby approved.

4.      The notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of the chapter 15 case or are hereby waived.

5.      The Foreign Representative shall serve copies of the Notice by first-class mail on (i) the Debtor; (ii) the Office of the U.S. Trustee for the Southern District of New York; (iii) the United States Attorney for the Southern District of New York; (iv) the following parties, or their counsel, if known: (a) the agent for the Existing RCF Loans; (b) the holders of the Existing Notes; (c) the trustees under the respective indenture or trust deeds to the Existing Notes; (d) potential holders of Other Scheme Claims of whom the Debtor is aware; (e) the Ad Hoc Group; (v) all persons or bodies authorized to administer the English Proceedings; (vi) all parties required to be given notice under Bankruptcy Rule 2002(q)(l) of which the Debtor is aware; (vii) the Information Agent; and (viii) such other entities as this Court may direct within five business days following entry of the order; and by electronic mail on the Electronic Notice Parties in the manner provided

2

for in the Application, in each case within five business days following entry of this Order.  Additionally, the Foreign Representative shall post the Notice and the Petition on the Scheme Website:  https://www.lucid-is.com/newnoble.

6.      If any party files a notice of appearance in the chapter 15 case, the Foreign Representative shall serve a copy of the Petition, Notice, and other relevant chapter 15 pleadings and notices on such party or its counsel within five business days following the filing of such notice of appearance and service of such notice of appearance on the Debtor if such documents have not already been served on such party (or its counsel).

7.      Service of the Notice in accordance with this Order is hereby approved as adequate and sufficient notice and service on all interested parties.

8.      Responses or objections to the Verified Petition and the relief requested therein must be made pursuant to the Bankruptcy Code, the local rules of the Court, and the Bankruptcy Rules, including, without limitation, Bankruptcy Rule 1011, in writing and setting forth the basis therefor.  Such responses must be filed with the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, with a copy delivered to the Court's chambers, and served upon counsel for the Foreign Representative at:  Kirkland & Ellis LLP, 300 North LaSalle Drive, Chicago, Illinois 60654 (Attn: Adam C. Paul and Catherine Jun) so as to be *actually received* on or before **[____], 2018 at [____] [a.m./p.m.] (prevailing Eastern Time)**.

9.      The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.     The Court shall retain jurisdiction to hear and determine all matters arising from or

related to implementation of this Order.

Dated: _____, 2018
New York, New York


                                            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**Notice**

James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

Adam C. Paul, P.C. (*pro hac vice* pending)
Catherine Jun (*pro hac vice* admission pending)
Gerardo Mijares-Shafai (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Foreign Representative*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 15 |
| | § | |
| NOBLE GROUP LIMITED, | § | Case No. 18-[_____] (___) |
| | § | |
| Debtor in a Foreign Proceeding.[1] | § | |
| | § | |

**NOTICE OF HEARING ON PETITION SEEKING**
**RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF**
**PURSUANT TO CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE**

     **PLEASE TAKE NOTICE** that on October 17, 2018, Mr. Paul J. Brough, in his capacity as the duly appointed foreign representative (the "Foreign Representative") of Noble Group Limited (the "Debtor") in connection with the proceedings (the "English Proceedings") commenced under Part 26 of the Companies Act 2006, as modified, amended, or re-enacted from time to time, and pending before the Chancery Division (Companies Court) of the High Court of Justice of England and Wales (the "English Court"), filed the *Verified Petition for (I) Recognition of Foreign Main Proceedings, (II) Recognition of Foreign Representative, and (III) Related Relief under Chapter 15 of the Bankruptcy Code* [Docket. No. 2] (the "Verified Petition")[2] in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to chapter 15 of title 11 of the United States Code (as amended, the "Bankruptcy Code").

     **PLEASE TAKE FURTHER NOTICE** that, among other things, the Debtor seeks entry of an order (i) recognizing the English Proceedings as "foreign main proceedings" or "foreign nonmain proceedings" pursuant to section 1517 of the Bankruptcy Code; (ii) enforcing a scheme

---

[1]    The last four digits of Noble Group Limited's overseas company number are 5268.  The mailing address of Noble Group Limited's corporate office is Noble Group Limited, 11th floor, 33 Cavendish Square, Marylebone, London W1G 0PW United Kingdom.

[2]    Capitalized terms used but not defined herein shall have the meanings assigned to them in the Verified Petition.

of arrangement (the "English Scheme") in the United States; and (iii) granting related relief in aid thereof.

**PLEASE TAKE FURTHER NOTICE** that a hearing with respect to the Verified Petition (the "Recognition Hearing") has been scheduled before the Honorable [_____] at the Bankruptcy Court, One Bowling Green, New York, New York 10004 for [_____], **2018 at [_]:00 [a.m/p.m.] (prevailing Eastern Time)**.    Any objections or responses to the Verified Petition must be made pursuant to the Bankruptcy Code and the Local and Federal Rules of Bankruptcy Procedure, including, without limitation, Rule 1011 of the Federal Rules of Bankruptcy Procedure, in writing and setting forth the basis therefor.    Such objections or responses, if any, must be filed with the Office of the Clerk of the Court, One Bowling Green, New York, New York 10004 in accordance with General Order M-242 (a copy of which may be viewed on the Court's website at www.nysb.uscourts.gov), with a copy delivered to the Court's chambers, and served upon counsel for the Foreign Representative so as to be ***actually received*** by [_____], **2018 at [a.m./p.m.] (prevailing Eastern Time)**.    Notices to counsel for the Foreign Representative should be addressed to:    Kirkland & Ellis LLP, 300 North LaSalle Drive, Chicago, Illinois 60654, Attention:    Adam C. Paul and Catherine Jun.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to participate telephonically at the Recognition Hearing must notify CourtCall by phone (866-582-6878) or by facsimile (866-533-2946) no later than 12:00 p.m. one business day prior to the Recognition Hearing, provided that if a party wishes to introduce evidence or examine any witness, that party must appear in person.

**PLEASE TAKE FURTHER NOTICE** that if no objections or responses are timely filed and served as provided above, the Bankruptcy Court may grant the relief requested in the Verified Petition without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court at such hearing of the adjourned date or dates of the hearing.

**PLEASE TAKE FURTHER NOTICE** that there will not be a claims process in connection with the chapter 15 case.

**PLEASE TAKE FURTHER NOTICE that your rights may be affected.    You should read the Verified Petition carefully and discuss it with your attorney, if you have one in connection with this chapter 15 case.    (If you do not have an attorney, you may wish to consult one.)**

Copies of the Verified Petition and other filings in this case may be obtained free of charge by visiting the website of the Information Agent at https://www.lucid-is.com/newnoble.    You may also obtain copies of any pleadings by visiting the Bankruptcy Court's website at https://ecf.deb.uscourts.gov (a PACER login and a password are required to retrieve a document), and/or upon written request to the Foreign Representative's counsel addressed to:    Kirkland & Ellis LLP, 300 North LaSalle Drive Chicago, Illinois 60654, Attn.:    Adam C. Paul and Catherine Jun.

Dated:  _____, 2018
New York, New York

*/s/ Draft*

James H.M. Sprayregen, P.C.
Marc Kieselstein, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Adam C. Paul, P.C. (*pro hac vice* admission pending)
Catherine Jun (*pro hac vice* admission pending)
Gerardo Mijares-Shafai (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Counsel to the Foreign Representative*